Case 11-03175    Doc 44    Filed 04/19/12    Entered 04/19/12 15:06:05    Desc Main
Document    Page 1 of 7



FILED & JUDGMENT ENTERED
Steven T. Salata

Apr 19 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-51051 |
| HICKORY PRINTING GROUP, INC., ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| James T. Ward Sr., Trustee for Hickory ) | |
| Printing Group, Inc., ) | |
| ) | Adversary Proceeding |
| Plaintiff, ) | No. 11-3175 |
| ) | |
| v. ) | |
| ) | |
| Estate of Thomas W. Reese, by and through, ) | |
| Charles D. Dixon and Stephen M. Thomas, ) | |
| Co-Executors; George B. Glisan; and ) | |
| Jeffrey A. Hale, ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS
### AMENDED COMPLAINT

**THIS MATTER** is before the Court on the Defendants' Partial Motion to Dismiss Amended Complaint, praying that the first, second, and fourth causes of action be dismissed for a failure to state a claim upon which relief may be granted, per FRBP 12(b)(6). A hearing was held on February 16, 2012, whereat Gregory W. Brown

appeared for Defendants, and A. Cotten Wright appeared on behalf of the Plaintiff. Additionally, the parties have filed briefs supporting their positions.

For the reasons set forth below, this court concludes that each of the aforementioned causes of action state plausible claims for relief and that the Motion should be **DENIED**.

## STATEMENT OF POSITIONS

This involuntary Chapter 11 case was filed in the aftermath of a sale of all of the assets of debtor Hickory Printing Group, Inc. ("HPG") to a third party Hickory Printing Solutions, LLC in May of 2010. James T. Ward Sr., the Chapter 7 Trustee for HPG, maintains that that sale was (1) for grossly inadequate consideration, and (2) was undertaken by the Defendants, HPG's officers, directors, and/or shareholders in order to satisfy an unsecured bank debt which they had personally guaranteed. The Trustee maintains that Defendants personally benefitted from this "fire sale" to the detriment of the debtor and its creditors and in so doing, breached fiduciary duties owed by themselves to both the HPG and its creditors. He seeks a recovery of damages.

Factually, Defendants counter that their decision to terminate the Debtor's business operations and to sell its assets was in the best interests of the company, given that there were no other offers or viable alternatives. Defendants further argue that the HPG's board of directors relunctantly made the decision to sell due to HPG's default on a line of credit to its bank, the ensuing demand by its lender for turnover of collateral, and a lack of cash flow by which to keep the company operating. Finally, Defendants assert that until the eve of the closing, the Board believed the bank held a valid and perfected secured lien on all of HPG's assets. By the time it learned otherwise, the Board was

2

committed to the sale and could not avert course. Defendants cite a variety legal theories under North Carolina corporate law as to why the enumerated causes of action are deficient and should be dismissed. We will consider the causes and theories in turn.

## DISCUSSION

### I. Legal Standard

Under FRBP Rule 12(b)(6) a motion to dismiss should be granted if, after accepting all well-pleaded allegations in the complaint as true it appears certain that the plaintiff cannot prove any set of facts in support of its claim that entitles it to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The Supreme Court has held that, "[t]o survive a Rule 12(b)(6) motion, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In reviewing the plaintiff's claims, the Court "need not accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

### II. First and Second Causes of Action – Whether the Trustee has adequately pled a breach of a legal duty owed by the Defendants

The first cause of action in Plaintiff's Amended Complaint alleges a breach of duty owed to HPG under N.C.G.S. §§ 55-8-30 and 55-8-42, as to Defendants Glisan and Hale. The second cause of action in Plaintiff's Amended Complaint similarly alleges a breach of a duty owed by Glisan and Hale to HPG's creditors by transferring assets without obtaining reasonably equivalent value for those assets, when such assets could have otherwise been available to satisfy creditors' claims.

3

The general rule in North Carolina is that corporate directors do not owe a fiduciary duty to the corporation's creditors. *See In re Bostic Constr.*, 435 B.R. 46, 61-62 (Bankr. M.D.N.C. 2010). However, both sides agree that an exception to the rule exists as in situations "amounting to a 'winding-up' or dissolution of the corporation." *Whitley v. Carolina Clinic, Inc.*, 118 N.C.App. 523, 528, 455 S.E.2d 896, 900 (N.C. Ct. App. 1995)). In such circumstances, a fiduciary duty is owed to creditors. Id.

When directors and officers continue to operate an insolvent corporation in an effort to recover amounts owed to them, to the detriment of the corporation's other creditors, then courts will equate that with a winding up or dissolution, such that there may be found a breach of duty by the directors and officers. *See In re Maxx Race Cards, Inc.*, 266 B.R. 74, 78 (Bankr. W.D.N.C. 1998).

Defendants cite to the case of *Winters v. First Union Corp.* in support of their contention that these two claims should be dismissed from the Amended Complaint because Plaintiff has failed to sufficiently allege bad faith or inattentiveness on the part of directors.

The *Winters* court found that in order to survive a motion to dismiss, a complaint alleging a director's breach of fiduciary duties must allege, in other than conclusory terms, that the directors were inattentive or uninformed, acted in bad faith or that the board's decision was unreasonable. Absent specific allegations of bad faith or inattentiveness, "the board's decision is entitled to a presumption of reasonableness and [the] plaintiff must specifically plead facts which would overcome that presumption." *Winters v. First Union Corp.*, 2001 NCBC 08 ¶ 17 (N.C. Super. Ct. July 13, 2001).

Plaintiff has in fact pled that Defendants Glisan and Hale were unattentive with respect to the fact that the Termination Statement filed by Bank of Granite rendered its claim unsecured as to debtor HPG's inventory and accounts receivable. Am. Compl. ¶ 35. Therefore, the Court finds that Plaintiff has sufficiently pled facts which might support a finding of inattentiveness on the part of the directors of HPG.

Defendants further argue that Plaintiff has not pled facts that show that the Defendants used their position to harm HPG or its creditors. However, Plaintiff has pled that HPG, which had a value of approximately $4.9 million, was sold for only $200,000, and that HPG had unsecured liabilities of more than $7.4 million. Am. Compl. ¶¶ 4, 41, 43, 46. It can be inferred from these pled facts that HPG may have been sold for less than reasonably equivalent value. Once the assets were sold, these assets were beyond the reach of HPG's creditors. Plaintiff has also pled that Defendants did not seek legal counsel for other alternatives for addressing debtor HPG's financial difficulties. Am. Compl. ¶¶ 27, 35, 39. Finally, Plaintiff has pled that Defendants knew that the $3.3 million Bank of Granite claim was in fact unsecured when HPG's assets were sold. Am. Compl. ¶¶ 31, 33, 41. Plaintiff has pled facts which tend to support a finding that HPG could not continue to operate after selling most if not all of its assets, which may not have been in the best interests of the debtor HPG or its creditors.

The Plaintiff has also alleged in the Amended Complaint that the decision to sell HPG did result in a release or indemnification of the guaranties that had been executed by Defendants, as well as payment for certain personal loans for equipment and machinery that were leased to HPG. Am. Compl. ¶¶ 3, 32, 39, 42, 44, 50. Therefore, Plaintiff has sufficiently pled facts that could support a finding that there may have been

5

a breach of the duty that was owed to debtor HPG and its creditors, which must be further proved at a trial on the merits.

### III. First and Second Causes of Action – whether Plaintiff has pled breach of duty in exercising business judgment

North Carolina's business judgment rule protects a corporate director from liability for actions taken as a director if the director performed his duties in compliance with N.C. Gen. Stat. § 55-8-30. On a motion to dismiss, courts have held that a plaintiff must plead around the business judgment rule to avoid dismissal. See *Derivium Capital, LLC*, 380 B.R. 407, 417 (Bankr. D.S.C. 2006). The business judgment rule does not apply if the corporate directors have engaged in self-dealing, fraud, or other unconscionable conduct. See *Kuznik v. Bees Ferry Associates*, 342 S.C. 579, 538 S.E.2d 15, 25-26 (S.C.Ct.App. 2000).

Plaintiff has alleged specific facts to overcome the presumption of the business judgment rule. In this case, the Plaintiff has alleged self-dealing on the part of the Defendants, in that they were able to get their guaranties released or indemnified as part of the transaction with Hickory Printing Solutions, LLC. Am. Compl. ¶¶ 3, 32, 39, 42, 44, 50. The Plaintiff has alleged that the Defendants received a direct financial benefit from the sale of HPG, and if proven, the business judgment rule does not apply to Defendants. See *In re Brokers, Inc.*, 363 B.R. 458, 473-474 (Bankr. M.D.N.C. 2007).

When a complaint includes sufficient allegations of wrongdoing, it would be improper to dismiss such claims before the plaintiff has an opportunity to prove the merits of such allegations. See *AmeriFirst Bank v. Bomar*, 757 F.Supp. 1365, 1376-1377 (S.D.Fla. 1991) (questioning whether it is ever proper to consider a business judgment

6

defense on a motion to dismiss but finding there were sufficient allegations of wrongdoing by agents to avoid dismissal). For these reasons, the Court cannot find a basis for dismissing Plaintiff's first and second causes of action in the Amended Complaint.

IV. **Fourth Cause of Action – whether the Glisan Loans have been pled as property of the estate**

Plaintiff alleges in his fourth cause of action that the Glisan Loans are property of the estate pursuant to 11 U.S.C. § 542. Plaintiff has pled that on or about September 29, 2001, Defendant Glisan took out two loans from debtor HPG totaling $150,000, that the Glisan Loans were renewed periodically, and that the Gilsan Loans have matured. Am. Compl. ¶¶ 59, 60.  Plaintiff pled that no employee loans, including the Glisan Loans, are listed among the receivables that were part of the sale transaction. Am. Compl. ¶ 60. Plaintiff contends that since the Glisan Loans had not been paid to debtor HPG prior to the bankruptcy filing, then the Glisan Loans are property of the estate. Am. Compl. ¶¶ 60, 92.

Defendants have offered no plausible arguments which would support a finding that this cause of action is lacking as pled. Therefore, the fourth cause of action should not be dismissed from the Amended Complaint.

Based on the foregoing, the Defendants' Partial Motion to Dismiss Amended Complaint is **DENIED.** Defendants shall file their answer to the Amended Complaint within 30 days of the date of this Order.

**SO ORDERED.**

This Order has been signed electronically.　　　United States Bankruptcy Court
The judge's signature and the court's seal
appear at the top of the Order.